KLEES, Judge.
Plaintiff, Sandra Burton, was injured in a fall on an escalator in an F.W. Woolworth Company Store. The escalator was installed and maintained by the Otis Elevator Company under contract with the F.W. Woolworth Company. From an adverse judgment rendered in favor of the defendants, F.W. Woolworth Company, the Travelers Insurance Company and Otis Elevator Company, plaintiff appeals, alleging that the trial court erred in failing to find the escalator in question defective and F.W. Woolworth and Otis Elevator Company liable. We can find no error and affirm.
FACTS
The plaintiff, along with her sister and a friend, was descending an escalator in the F.W. Woolworth Company store at 1041 Canal Street in New Orleans on March 10, 1979. The plaintiff had been shopping in the store with her two-year-old child and her sister. While in the store they met Yolanda Dockery who accompanied the two women and the child down the escalator. The plaintiff testified that she stepped on *864 the escalator ahead of Ms. Dockery and her sister, who was carrying the plaintiffs child. She was holding several bags in her left hand and one in her right hand. Plaintiff testified that as the escalator descended “it gave one hard jerk”, which caused her to fall down the escalator despite the fact that she said she held or grabbed the railing.
No one else on the escalator fell and no witnesses to the fall were called at trial except the plaintiffs friend, Ms. Dockery. Plaintiff testified that the escalator gave one hard jerk and then got back on its smooth motion without stopping. Later in her testimony, plaintiff said that the escalator did in fact jerk a few times after the first hard jerk that caused her fall.
The testimony of Ms. Dockery, who was behind the plaintiff on the escalator, was substantially the same as the plaintiffs regarding the jerking of the escalator. Ms. Dockery said that when the escalator jerked “it kind of stopped” and then started up again.
Jocelyn Schultz, the personnel manager at the F.W. Woolworth store, was at the scene of the accident shortly after it happened and wrote out the accident report. The report which was filed into evidence indicates that after the fall plaintiff told Ms. Schultz that she either slipped, tripped, or lost her balance. Ms. Schultz testified that during 1979 she had received no other complaints of people being injured by jerking escalators.
Another employee of the F.W. Woolworth store, Theresa Williams, testified that she was working in the camera and music department at the bottom of the escalator at the time of the accident. She testified that she turned to look at the plaintiff when she heard someone saying that it was time to get off the escalator. She said that plaintiffs child was sitting on the steps of the escalator, although plaintiff testified that her child was held by her sister. After Ms. Williams had briefly turned to look at the plaintiff she resumed her duties in her department and heard nothing more until she learned that plaintiff had fallen.
Michael Nevle, a maintenance examiner for Otis Elevator Company, testified that he had not heard of any complaints about the escalator jerking and that this incident was not reported to the company on March 10, 1979. Norris Ward, another employee of Otis Elevator Company, testified as an expert in the field of maintenance and operation of escalators. Mr. Ward used a scaled down model of an escalator mechanism to demonstrate that an escalator could not jerk and stop and then resume its normal motion. He stated that the steps could not jerk and keep on moving.
David Steele, a senior project manager of escalators with Otis Elevator Company, was asked by the trial judge if an escalator could jerk without stopping. Mr. Steele, testifying in his capacity as an expert in the design and operation of escalators, said it could not jerk and continue to run in a normah manner.
The plaintiff in her brief relies upon a line of cases involving injuries on escalators in which the plaintiffs were all injured directly by the escalator mechanism. In each of these cases, however, feet had to be forcibly removed from the moving steps of the escalator. The plaintiff relies on the case of Wolverton v. City Stores Company, 363 So.2d 1321 (La.App. 4th Cir.1978) in asserting that there should be judgment in her favor. We find that the recent case of Power v. Otis Elevator Company, 409 So.2d 389 (La.App. 4th Cir.1982) is more applicable. In that case, the court was faced with a fact situation almost identical to that of the instant case and the jury found in favor of the defendants. This court affirmed that finding on appeal with the following language:
“However, the same principle which led us to affirm in Wolverton dictates the same result in this case; i.e., we cannot say that the jury was clearly wrong in concluding adversly to plaintiff on her attempt to prove that the- escalator malfunctioned.” Power v. Otis Elevator Company, supra at 391.
*865 In this case we cannot say that the trial court was clearly wrong in its finding. Accordingly, we affirm the judgment of the trial court.
AFFIRMED.